# JEROME A. BALLAROTTO
### ATTORNEY AT LAW

Member New Jersey<br>and Florida Bars<br>Reply to: New Jersey

March 28, 2023

**VIA ECF**

Honorable Peter G. Sheridan, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building, & U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ

        RE:    United States of America v. Anthony Villanueva and Drew Inman
                  Criminal Case No.: 19cr 292 (PGS)

Dear Judge Sheridan:

Please accept this letter memorandum in support of my motion to suppress the on the body audio and video films taken by Trenton Police Officers on April 9, 2017.

The audio portions of these recordings should not be admitted in the governments case because they are classic hearsay. Fed R. of Evidence 801. They are out of court declarations that are being offered for the truth of the matter asserted. It is clear that the government will offer the statement of these officers to prove the truth of what they saw, what they heard and what they said in order to prove the actions of the alleged victim during the course of the incident, as well as the reasonableness of the actions taken by the defendants. They are hearsay statements that do not fit into any of the recognized exceptions to the rule and should not be submitted to the jury. Even if the statements were submitted to the jury with a limiting instruction that they are

Honorable Peter G. Sheridan, U.S.D.J.
March 28, 2023
Page 2

not offered for the truth of the matter, but merely that the statement was made, there is a huge danger and even likelihood that the jury will misuse the statement in violation of the limiting instruction or at the very least cause confusion in the jury's mind as to the probative value of the recordings. For this reason, any probative value is substantially outweighed by the likelihood of unfair prejudice to the defendants and the recordings should be excluded pursuant to Rule 403 of the Fed. R. of Evidence. The suppression of these recordings does not leave the Government without alternatives. They can call the witnesses and let them testify and be subjected to cross examination all other witnesses.

The video portions of the recordings should be excluded because without the audio portion there is little probative value to the recordings and the likelihood of unfair prejudice and confusion is increased and therefor Rule 403 dictates that they should also be excluded.

In addition, there is a separate and even more compelling reason to exclude both the audio and video recordings. The recordings merely memorialize what the other officers who recently arrived on the scene saw and heard. There is no evidence being offered that confirms that the defendants saw or heard the same events that the other officer's cameras recorded. Keeping in mind that the other officers at the scene arrived much later than the defendants and did not participate in the extended chase or observe the extraordinary measures taken by the alleged victim, all the while repeatedly ignoring and defying the officers' orders to halt and submit to their authority. The only relevant inquiry in this case must be what the defendant officers saw and heard and whether their conclusions were reasonable under all the circumstances.

Honorable Peter G. Sheridan, U.S.D.J.
March 28, 2023
Page. 3

It is totally irrelevant and serious error to even suggest to the jury that the conduct of the defendant officers should be based at all on what the other officers saw and hear.

As the government states itself in their submitted request to charge, "The relevant inquiry is the reasonableness of the officer's belief as to the appropriate level of force, which should be judged from the officers on scene perspective and not in the 20/20 vision of hindsight." And certainly the defendant officers actions should not be judged by what other, newly arriving on the scene, officers saw, heard or even concluded.

For these reasons this Court should preclude the government from using the on body camera recordings by the non-defendant officers.

                                           Respectfully,

                                           *Jerome A. Ballarotto*

                                           Jerome A. Ballarotto

JAB/taw