# Jerome A. Ballarotto
### ATTORNEY AT LAW

Member New Jersey
and Florida Bars
Reply to: New Jersey

April 10, 2023

**VIA ECF**

Honorable Peter G. Sheridan, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building, & U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ

> RE: United States of America v. Anthony Villanueva and Drew Inman
> Criminal Case No.: 19cr 292 (PGS)

Dear Judge Sheridan:

Please accept this letter memo in lieu of a more formal memorandum in opposition to the government's *in limine* pretrial motions.

### Point 1

We have every intention of abiding by the pretrial ruling of Judge Martinotti in this case. However, the government is wrong when it claims that the prior ruling stated that our witness is not an expert. Judge Martinotti ruled that our witness could not give an opinion as to the reasonableness of Anthony Villanueva's decision to use force in this case. That is the total extent of the ruling.

I suggest to the court that we are a long way from the conclusion of this trial, and we expect that there were will be occurrences that might cause this court to reconsider the pretrial ruling by Judge Martinotti, as any trial judge should do if the right circumstances arise. Based on representations by the government and the testimony they intend to elicit from government witnesses, we anticipate that such circumstances are likely to occur. Furthermore, the government is on notice of the content of our witness's testimony and that it will be available to us in rebuttal of anything the government decides to use in their case in chief.

New Jersey Office: 143 Whitehorse Avenue, Trenton, NJ 08610 (609) 581-8555, Fax (609) 581-9509
Florida Office: 604 Whitehead Street, Key West, FL 33040 (305) 296-2270, Fax (305) 292-9911
E-mail: jabesquire@aol.com    www.ballarottolaw.com

Honorable Peter G. Sheridan, U.S.D.J.
April 10, 2023
Page 2

## Point 2

The government claims that our expert cannot give an opinion and now they want to call other police officers to give the same opinion on the reasonableness of the use of force by Anthony Villanueva. The government relies on an unreported District Court opinion in West Virginia. This would be comical if it were not so serious.

Under no circumstances should this court allow the government to put in lay witness opinion and usurp the function of the jury, based on the strength of a West Virginia District Court holding. It is one thing to ask the officers on the scene what they saw and heard. It's a whole different thing to allow them to give an opinion as to the reasonableness of the use of force by Anthony Villanueva, or any other opinion for that matter. First of all, as the government so forcefully argued in their motion to exclude our expert's opinion, the reasonableness of the decision to use force is a jury call. In addition, the facts of the case are such that none of the other officers on the scene had the same vantage point of Anthony Villanueva. They were all at one location on the other side of the fence in close proximity to CW, while Anthony Villanueva was at least 20 feet away and seeing and hearing an entirely different set of factors when he decided to use force to arrest CW.

And finally Rule 403 was tailor made to prohibit the use of this testimony. The jury should not be influenced by the opinion of an officer who was merely there as an observer, while Anthony Villanueva chased CW from several blocks away, over several 6 foot fences and then watched him jump into the canal to avoid complying with the numerous calls for him to stop and accede to the police officer's authority. Any value of this misplaced opinion testimony's evidentiary value is substantially outweighed by its risk of unfair prejudice to Anthony Villanueva and misuse by the jury. What is the court going to tell the jurors if they hear this testimony. Is the court going to tell the jurors that they can relinquish their duty to determine the reasonableness of Anthony Villanueva's conduct for the opinion of the other officers. Or is the court going to tell the jury that they can disregard the opinion of the officers. One allows the jury to abdicate its responsibility and the other renders the opinion of the officers virtually useless and irrelevant. Therefore Rule 403 calls for the exclusion of any of this testimony as it can have an illegitimate influence on the jury

## Point 3

The government's demand here is wholly without legal support. The *Walker* case which they site is wholly irrelevant to the demand made by the government. Maybe the government has failed to site any support for such a preposterous demand because all the case law specifically

Honorable Peter G. Sheridan, U.S.D.J.
April 10, 2023
Page 3

states that the police officer's experience is extremely relevant when applying the appropriate test to determine the reasonableness of his decision to use physical force.

The government's demand here is disingenuous at best. They want all of Anthony Villanueva's police experience excluded, but at the same time they want to call a witness to testify about his training. They want to select the part of his police experience that they think will favor the government's position without any regard for the prior decades of caselaw.

If Anthony Villanueva's training at the police academy is relevant, what about the probationary term he spent with a superior officer, also known as, "on the job training," that he received. How can one be relevant without the other. Then, how about the years of experience on the street that taught him how to effectively control a suspect, evaluate his intentions and protect himself and others from harm. The government wants to ask the jury to evaluate the reasonableness of Anthony Villanueva's decision in a vacuum, which is completely contrary to the caselaw.

The courts have been clear that an evaluation of the decision by Anthony Villanueva must be an inquiry into the reasonableness of the officer's belief as to the appropriate level of force, which should be judged from the officer's on-scene perspective, and not in the 20/20 vision of hindsight. Furthermore, the evaluation must be conducted under the fourth Amendment's objective reasonableness standard. *Curley v. Klem, 499 F.3d 199, 206-07 (3d Cir. 2007).*

The experience of the police officer has been an important and essential part of this analysis all the way back to *Terry v. Ohio, 392 U.S. 1 (1968)*, There the court held,

> In determining whether the officer acted
> reasonably in such circumstances, due weight must be given,
> not to his inchoate and unparticularized suspicion or 'hunch,'
> but to the specific reasonable inferences which he is entitled
> to draw from the facts in light of his experience.

Every case decided since then on the issue of the decision to use force by a police officer has been analyzed the same way. Maybe that's why the government failed to provide any legal authority to the Court on this preposterous demand. The supreme Court in *Graham v. Connor, 490 U.S. 386 (1989)* held,

> Reasonableness" of particular use of force must
> be judged from perspective of reasonable officer
> on the scene, and the calculus of reasonableness

> must allow for fact that police officers are often forced to make split-second judgments, in circumstances that are tense, uncertain and rapidly evolving, about amount of force that is necessary in a particular situation.

The question is, how do you judge the conduct of an officer by the "reasonable officer on the scene" standard without taking into consideration his police experience. Even worse, how do you make that determination when using only a small piece of his experience, i. e. his academy training. In virtually all fourth Amendment cases, The Supreme Court has upheld a test where a stop, based on an officer's observation when viewed through the lens of a **police officer's experience** and combined with other circumstances, led to an articulable belief that a crime was about to be committed. (Emphasis added), _Johnson v. Campbell, 332 F.3d 199 (3d Cir. 2003)_

The Third Circuit together with the rest of the country has consistently held that when conducting a fourth Amendment analysis for the reasonableness of a police officer's conduct you must consider the totality of the circumstances, including the police officer's knowledge, **experience**, and common-sense judgments about human behavior. _United States v. Navedo, 694 F.3d 463 (3d Cir. 2012), see also, United States v. Foster, 891 F.3d 93 (3d Cir. 2018)._

For all these reasons, The Court should not exclude the prior police experience of Anthony Villanueva from the jury. To do so would require the jury to evaluate the reasonableness of his conduct in a vacuum, which is contrary to the applicable legal standard.

Point 4

Of course, the Court should exclude improper character evidence. The government is asking the court to make a ruling on this subject completely in the blind. They have no idea what we might intend to submit. If we decide to use character or reputation evidence, we will make it available to the court and a ruling will be made by the court at that time.

Honorable Peter G. Sheridan, U.S.D.J.
April 10, 2023
Page 5

Point 5

The designation of a witness as hostile also requires the court to evaluate the specifics of the situation. If it arises the facts will be argued and the court will make a ruling at that time, not now.

Point 6

Rule 609 is very clear. The government asks the court to exclude cross of CW on his prior felony convictions, and then states that he has no felony convictions. They also claim that his misdemeanor convictions and prior arrests and contact with law enforcement are not proper cross-examination material. These determinations are extremely fact sensitive and so far, the government has not provided either the defense or the court with the necessary information to make a decision on each of these occurrences separately. In addition, prior contact and experience with law enforcement might be relevant cross depending on what the witness claims on direct testimony. Those decisions cannot be made now.

Point 7, 8

Do not require a response from defense counsel.

Point 9

Once again, this decision must be directed at each statement offered. Such a ruling is impossible without the specifics of each statement offered. A ruling by the court at this time is premature.

Point 10

Defense counsel will abide by all their discovery obligations. Counsel is unaware of any rule or statute that requires the disclosure demanded by the government at this time.

Honorable Peter G. Sheridan, U.S.D.J.
April 10, 2023
Page 6

Point 11 and 12

    Defense counsel will provide all required discovery in a timely manner as called for by the rules and any applicable statute. In as much as defense counsel is not required to decide on what witnesses may be called prior to the close of the government's case in chief, no such decision or production can be made prior to jury selection.

Respectfully submitted,

Dated: April 10, 2023

/s/Jerome A. Ballarotto
Jerome A. Ballarotto, Esquire
143 Whitehorse Ave
Trenton, New Jersey 08610
Telephone: (609) 581-8555
Facsimile: (609) 581-9509
jabesquire@aol.com
Attorney id 021301979
Attorney for Defendant
Anthony Villanueva

JAB/taw